1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9 | KERRY D. FRITZ,                               ) CASE NO. 1:11-cv-01554-AWI-GBC (PC)

10 |                        Plaintiff,

11 |       v.

12 | KERN COUNTY,

13 |                        Defendant.

14

|  ) 
|  ) 
|  ) FINDINGS AND RECOMMENDATION TO
|  ) DISMISS ACTION FOR FAILURE TO STATE
|  ) A CLAIM AND DENY MOTION FOR
|  ) INJUNCTIVE RELIEF
|  )
|  ) (Docs. 1, 4)
|  )

15 **I.      Procedural History**

16       Plaintiff Kerry Fritz ("Plaintiff") is a state prisoner proceeding pro se in this civil rights

17 action pursuant to 42 U.S.C. § 1983.  On September 13, 2011, Plaintiff filed the original complaint

18 which is presently before this Court.  (Doc. 1).  On September 29, 2011, Plaintiff filed a preliminary

19 injunction.  (Doc. 4).

20 **II.     Screening**

21       **A.      Legal Standard**

22       The Court is required to screen complaints brought by prisoners seeking relief against a

23 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

'Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.'  *Hamilton v. Brown*, 630 F.3d 889. 892-93 (9th Cir. 2011) (quoting *Resnick v. Warden Hayes*, 213 F.3d 443, 447 (9th Cir.2000).  'Additionally, in general, courts must construe pro se pleadings liberally.'  *Id.*  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

## B.    Plaintiff's Complaint

Plaintiff is a state prisoner at Lerdo Minimum Security Facility in Bakersfield, California. Plaintiff addresses the complain to the "international court, the Hague via clerk of courts" of the Eastern District Court of California.  (Doc. 1 at 2).  Plaintiff asserts that he is a private attorney general and a secured party creditor. (Doc. 1 at 4).  Plaintiff states that he is seeking political asylum from the Hague in the Netherlands premised on being taken into custody and being forced to appear in court without his consent for a section 1368 proceeding.  He asserts that the underlying charge was fabricated.  (Doc. 1 at 1). Plaintiff asserts that he should have been given assistance to get to a hospital or bus stop on June 6, 2011, since he was unable to move after having walked seven miles with a "Kern County caused back injury from Kate Zors from which other civil litigation about that." (Doc. 1 at 1).  In March 2011, Plaintiff started paperwork for international protection and remedy. (Doc. 1 at 2).  Plaintiff alleges that the officials have taken reading glasses and legal materials and refuse to honor various international treaties and conventions.  (Doc. 1 at 2).  Plaintiff states that in the case numbered 1:11-cv-012283, there was an "illegible probable cause document and the

authorities took away his reading glasses without explaining what the yellow document was or why [there was a] 25,000 dollar bail . . . or what was going on." (Doc. 1 at 3). Plaintiff further alleges that "[i]t appears the yellow document is in retaliation for not accepting a public defender and where Judge Buenavides states that he does not know what a P.A.G. or federal protectee witness is." (Doc. 1 at 3-4).

As relief, Plaintiff seeks the Court to order "removal from state court to the Hague Netherlands [in order to] prosecute Kern County." (Doc. 1 at 4).

### C.      Analysis

Plaintiff's complaint has no arguable basis in law or fact and is devoid of merit. His claims relative to his belief that he is a private attorney general seeking political asylum in order to prosecute Kern County is nonsensical and wholly insubstantial. Plaintiff's complaint appears to gather unrelated allegations and mentions his other litigation in an incomprehensible fashion. Additionally, the Court cannot grant the relief that Plaintiff seeks which is to remove the action to an international court in the Netherlands. The frivolous and insubstantial nature of the instant complaint deprives this Court of subject matter jurisdiction, which cannot be cured by amendment. *See e.g.*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-51 (2009); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *see also AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (granting leave to amend unnecessary where amendment is futile).

### III.     Motion for Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 376 (2008)(citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 376 (citation

omitted)(emphasis added).  The Ninth Circuit has made clear that "to the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable." *McDermott v. Ampersand Pub., LLC*, 593 F.3d 950 (9th Cir. 2010), quoting *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  The moving party has the burden of proof on each element of the test.  *Environmental Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

Plaintiff has not met his burden as the moving party.  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion."  *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A mandatory preliminary injunction, such as that sought by plaintiff in the instant motions, "is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party." *Dahl v. Hem Pharmaceuticals Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).  As the moving party, it is plaintiff who bears the burden.

In the Court's above screening of Plaintiff's complaint, the Court concluded that Plaintiff failed to state a claim and lacked jurisdiction over the action.  Thus Plaintiff has failed to demonstrate a likelihood of success on the merits or raise serious questions going to the merits. Therefore, the Court, in its discretion, will deny the motion for a preliminary injunction.

**IV.     Conclusion and Reccomendation**

For the above reasons, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's motion for injunctive relief be DENIED; and

2.      This action be DISMISSED WITH PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

1   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

2   specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d

3   1153 (9th Cir. 1991).

4

5   IT IS SO ORDERED.

6

    Dated:     October 14, 2011

7                                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28